IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:14-CR-367-B |
| JACLYN HOOKER | |

## PLEA AGREEMENT

Jaclyn Hooker, the defendant, John D. Nation, the defendant's attorney, and the United States of America (the government), agree as follows:

1. <u>Rights of the Defendant:</u> Hooker understands that she has the following rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have her guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in her defense; and

    e. against compelled self-incrimination.

2. <u>Waiver of Rights and Plea of Guilty:</u> Hooker waives these rights and pleads guilty to the offenses alleged in Count Twenty-one of the Indictment charging a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that is Possession of a Controlled Substance (methamphetamine, a Schedule II controlled substance) with Intent to Distribute that Controlled Substance. Hooker understands the nature and elements of the

crime to which she is pleading guilty, and agrees that the factual resume she has signed is true and will be submitted as evidence.

3. <u>Sentence:</u>  The maximum penalties the Court can impose for Count Twenty-one of the Indictment include:

- a. imprisonment for a period of not more than twenty years;

- b. a fine not to exceed $1,000,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

- c. a term of supervised release of not less than three years, which is mandatory under the law and will follow any term of imprisonment. If Hooker violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

- d. a mandatory special assessment of $100;

- e. restitution to victims or to the community, which Hooker agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

- f. costs of incarceration and supervision.

4. <u>Court's Sentencing Discretion and Role of the Guidelines:</u>  Hooker understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Hooker has reviewed the guidelines with her attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Hooker understands that she will not be allowed to withdraw her plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Hooker will not be allowed to withdraw her plea if her sentence is higher than expected. Hooker fully understands that

the actual sentence imposed (so Hooker as it is within the statutory maximum) is solely left to the discretion of the Court.

5. <u>Mandatory special assessment</u>: Hooker agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6. <u>Defendant's Agreement</u>: Hooker shall give complete and truthful information and/or testimony concerning her participation in the offense of conviction. Upon demand, Hooker shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding her capacity to satisfy any fines or restitution. Hooker expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate her ability to satisfy any financial obligation imposed by the Court. Hooker fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Hooker agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Hooker's full and immediately enforceable financial obligation. Hooker understands that she has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. <u>Forfeiture</u>: Hooker agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment and in any bills of particulars, or

seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. Hooker consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. Hooker agrees to provide truthful information and evidence necessary for the government to forfeit such property. Hooker agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. <u>Government's Agreement</u>: The Government will not bring any additional charges against Hooker based upon the conduct underlying and related to Hooker's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Indictment. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Hooker or any property.

9. <u>Violation of Agreement</u>: Hooker understands that if she violates any provision of this agreement, or if her guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Hooker and others for all offenses of which it has knowledge. In such event, Hooker waives any

objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Hooker also waives objection to the use against him of any information or statements she has provided to the government, and any resulting leads.

10. <u>Voluntary Plea</u>: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. <u>Waiver of Right to Appeal or Otherwise Challenge Sentence</u>: Hooker waives her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from her conviction and sentence. She further waives her right to contest her conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Hooker reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of her plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. <u>Representation of Counsel</u>: Hooker has thoroughly reviewed all legal and factual aspects of this case with her lawyer and is fully satisfied with that lawyer's legal representation. Hooker has received from her lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of her rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because she concedes that she is guilty, and after conferring with her lawyer, Hooker has

concluded that it is in her best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. <u>Entirety of Agreement</u>: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 18th day of November, 2014.

_____
RICK CALVERT
Deputy Criminal Chief

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8680
Facsimile: (214) 659-8812
Email: philip.meitl@usdoj.gov

_____
JACLYN HOOKER
Defendant

_____
JOHN D. NATION
Attorney for Defendant

Plea Agreement - Page 6

# CERTIFICATE

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____       __11/17/14_____
JACLYN HOOKER                                              Date
Defendant


I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____       __11-17-14_____
JOHN D. NATION                                              Date
Attorney for Defendant


Plea Agreement - Page 7